IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Christopher Lane,  ) | Case No. 0:23-cv-01284-JDA |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| John Palmer, (Unknown) Tierry,  ) | |
| (Unknown) Moss,  ) | |
| ) | |
| Defendants.  ) | |

This matter is before the Court on Plaintiff's motions to set aside pursuant to Rule 60(b) and to set aside judgment. [Docs. 133; 139.] Defendants have responded to both motions [Docs. 134; 140], and they are ripe for review.

The parties settled this case during a mediation with U.S. Magistrate Judge Shiva V. Hodges on September 23, 2024, and the Court entered an Order dismissing the case without prejudice to the right of either party to reinstate the action if settlement was not consummated within 60 days. [Docs. 121; 123.] On October 16, 2024, Plaintiff executed a release of all claims related to matters or incidents occurring before September 24, 2024, involving Defendants, the South Carolina Department of Corrections, the South Carolina Insurance Reserve Fund, and the State Fiscal Accountability Authority in exchange for being permitted to "exceed the Canteen spending limit one time to replace property he claims was stolen," for initiation of a medical review of his jaw, and for payment of $5,000. [Doc. 134-1.] On the same day, Plaintiff executed and filed a stipulation of dismissal. [Doc. 130.]

In his motions, Plaintiff seeks to set aside the settlement, contending that Defendants violated the settlement agreement in this matter because they limited his spending at the canteen to $908.53 when the agreement was that he would be able to have one time of unlimited spending at the canteen and because he was scheduled to have jaw surgery but it keeps getting rescheduled.  [Docs. 133 at 1; 139 at 2.]  He also asserts that Defendants and other staff took $300 out of his account for court expenses and "came to [his] cell as an act of retaliation [and] misconduct and took all of the canteen and property that [P]laintiff had ordered" and later took even more of his canteen items.  [Docs. 133 at 3; 139 at 1.]  Plaintiff asks the Court to either reinstate his cases or order Defendants to honor the settlement agreement by replacing the stolen canteen items and requiring Defendants to provide proper dental services.  [Docs. 133 at 2–3; 139 at 2.]  He also asks that Defendants be ordered to pay him $10,000 as a sanction for their breach of the settlement agreement.  [Docs. 133 at 2–3; 139 at 2.]

"[T]o obtain relief from a judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside.  If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from judgment."  *Park Corp. v. Lexington Ins.*, 812 F.2d 894, 896 (4th Cir. 1987).  Rule 60(b) sets forth the following grounds for relieving a party from a final judgment, order, or proceeding:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party;

2

(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

Upon review of the parties' memoranda, the record, and the applicable law, the Court concludes that Plaintiff has failed to satisfy either the threshold requirements for relief from judgment or any of the six grounds for relief listed in Rule 60(b).  With respect to Plaintiff's allegation that Defendants breached the settlement agreement by limiting his spending at the canteen, Shamon Aiken ("Aiken"), the canteen manager at Lieber Correctional Institution, has averred that on October 25, 2024, in accordance with the agreement, Plaintiff was allowed to exceed his spending limit for in stock items on his canteen order list totaling $790.92.  [Doc. 134-2 ¶¶ 1–2; *see* Doc. 133-1 at 3–4.]  Plaintiff was also allowed to purchase additional items that were not on his original list totaling $117.42.  [Doc. 134-2 ¶ 2; *see* Doc. 133-1 at 2.]  After the canteen was closed, Plaintiff requested a TV, New Balance shoes, and a hot pot, which were approved, totaling $359.26.  [Doc. 134-2 ¶ 3.]  Aiken stated that Plaintiff did not have a spending limit on October 25, 2024, and that his subsequent purchases also exceeded his daily spending limit but were allowed.  [*Id.* ¶ 4.]  Additionally, in his second motion, Plaintiff concedes that he "was able to exceed the spending limit."  [Doc. 139 at 1.]  Accordingly, Plaintiff has failed to establish that Defendants breached the settlement agreement's provision that he be allowed to exceed the canteen spending limit.

With respect to Plaintiff's allegation that Defendants breached the settlement agreement because his scheduled surgery has been rescheduled multiple times, he has

3

likewise failed to establish that Defendants breached any provision of the settlement agreement. The release executed by Plaintiff states that a medical review of his jaw would be initiated as consideration for his release of the claims against Defendants. [Doc. 134-1 at 1.] Plaintiff does not argue that Defendants failed to comply with that portion of the settlement agreement.

Plaintiff's assertion that Defendants breached the settlement agreement by taking property from his cell also fails to establish a breach of the settlement agreement. As an initial matter, although Plaintiff alleges in his motion that "Defendants" took his property [Doc. 139 at 1], the affidavits and declarations he submitted in support of his motion aver only that "officers" took items out of Plaintiff's cell on November 26, 2024, but do not indicate that those officers are Defendants in this case or any of Plaintiff's other settled cases [Doc. 139-2 at 5, 7, 8]. Additionally, nothing in the record ties this incident to the settlement agreement such that it would be considered a breach of the agreement. The same is true of Plaintiff's allegation that Defendants and other staff took $300 out of his account to pay court expenses. Nothing in the record ties this deduction to the settlement agreement, and Aiken has clarified that $150 was deducted for state court filing fees in Dorchester County and $150 was deducted for state court filing fees in Richland County. [Doc. 134-2 ¶ 5.]

Based on the foregoing, the Court concludes that Plaintiff has failed to establish a basis for setting aside the settlement agreement in this case or for ordering Defendants to comply with the settlement agreement or to pay sanctions. Therefore, Plaintiff's motion to set aside pursuant to Rule 60(b) [Doc. 133] is DENIED, and Plaintiff's motion to set aside judgment [Doc. 139] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 7, 2025
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.